UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

GERSON A. RIVERA,

    Plaintiff,

v.

POLLACK AND ROSEN, P. A.,

    Defendant.

_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.* ("EFTA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant is headquartered in this district.

**PARTIES**

3. Plaintiff, GERSON A. RIVERA, is a natural person and citizen of the State of Florida residing in Broward County, Florida.

4. Defendant, POLLACK AND ROSEN, PA, ("Pollack") is a professional association formed under the laws of the State of Florida with its principal place of business at 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

5. Pollack is registered with the Florida Secretary of State as a professional association. The Secretary's records show Defendant's registered agent as Neal Farr, 806 Douglas Road, South Tower, Suite 200, Coral Gables, Florida 33134.

6. Pollack is not a financial institution as defined in the EFTA. 15 U.S.C §1693a(9).

7. Pollack regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Pollack regularly collects or attempts to collect debts for other parties.

9. Pollack is a "debt collector" as defined in the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

10. On or about July 27, 2012, Pollack filed suit against Plaintiff in state court in Broward County, Florida seeking to collect a defaulted credit card debt, an account Plaintiff used for personal, family and household purposes.

11. On or about January 7, 2013, Plaintiff and Defendant entered into a settlement agreement regarding the state court case, attached as Exhibit "A".

12. The settlement agreement required Plaintiff to make monthly payments of $100.00 commencing February 15, 2013 until the agreed upon amount of $6,068.67 was paid.

13. Commencing with the February 15, 2013 payment, Defendant began withdrawing reoccurring monthly payments from Plaintiff's bank account, an account Plaintiff uses for personal, family and household purposes, via electronic funds transfer.

14. As of the filing of this complaint Defendant has electronically withdrawn 65 monthly payments of $100 for a total of $6,500.

15. Defendant has electronically withdrawn money in excess of the agreed upon amount of $6,068.67 from Plaintiff's bank account and continues to make monthly electronic withdrawals even though the debt has been fully satisfied.

16. The reoccurring electronic withdrawals Defendant made from Plaintiff's bank account are considered "pre-authorized" withdrawals as defined in the EFTA. 15 U.S.C §1693a(10).

17. The EFTA requires "pre-authorized" electronic withdrawals be authorized by the payor in writing prior to the withdrawal. 15 U.S.C §1693e(a).

18. Defendant did not obtain Plaintiff's prior written consent for pre-authorized electronic withdrawals from his bank account.

19. The EFTA requires Defendant to provide Plaintiff with a copy of any purported written consent to "pre-authorized" electronic withdrawals at the time the consent is made. 15 U.S.C §1693e(a).

20. Defendant did not provide Plaintiff a copy of any written consent to pre-authorized electronic withdrawals from his bank account at any time.

21. Defendant's electronic withdrawals from Plaintiff's bank account in excess of the agreed upon amount of $6,068.67 are without Plaintiff's consent.

22.     Plaintiff did not learn of his right to a copy of written notice of his purported consent to preauthorized electronic funds transfers and Defendant's obligation to obtain such consent until Plaintiff sought counsel in June 2018 regarding Defendant's continuing withdrawals in excess of the agreed upon amount.

## COUNT I
## COLLECTION OF AN AMOUNT NOT AUTHORIZED BY LAW OR AGREEMENT

23.     Plaintiff incorporates Paragraphs 1 through 22.

24.     Defendant collected amounts from Plaintiff not authorized by law or the agreement in violation of 15 U.S.C. §1692f generally and 15 U.S.C. §1692f(1) in particular.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit; and

      c.     Such other or further relief as the Court deems proper.

## COUNT II
## USE OF DECEPTIVE MEANS TO COLLECT A DEBT

25.     Plaintiff incorporates Paragraphs 1 through 22.

26.     Defendant employed a deceptive means of collecting a debt by abusing its access to Plaintiff's bank account by, one, withdrawing money via pre-authorized electronic transfers without Plaintiff's prior written consent, two, by failing to provide Plaintiff a copy of any purported written consent for pre-authorized electronic transfers,

and, three, by electronically withdrawing money from Plaintiff's bank account in excess of the amount agreed upon in violation of 15 U.S.C. §1692e generally and 15 U.S.C. §1692e(10) in particular.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT

27. Plaintiff incorporates Paragraphs 1 through 22.

28. Defendant made 65 pre-authorized electronic withdrawals from Plaintiff's bank account without Plaintiff's prior written consent and without providing Plaintiff a copy of any purported consent, in violation of 15 U.S.C §1693(e).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages of $1,000.00 per violation pursuant to 15 U.S.C §1693m(a)(2)(A);

    b.    Actual damages, plus interest, pursuant to 15 U.S.C §1693m(a)(1);

    c.    Attorney fees and costs;

    d.    Such other or further relief as the Court deems proper.

## COUNT III

**CLAIMING THE RIGHT TO WHICH DEFENDANT KNOWS IT IS NOT ENTITLED IN VIOLATION OF THE FCCPA**

29. Plaintiff incorporates Paragraphs 1 through 22.

30. Defendant electronically withdrew money from Plaintiff's bank account when Defendant knew it was not authorized to do so in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**COUNT IV**
**DECLARATORY RELIEF AND PERMANENT INJUNCTION**

31. Plaintiff incorporates Paragraphs 1 through 22.

32. Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's electronic withdrawals from Plaintiff's bank account are in violation of the FCCPA.

33. Plaintiff seeks a permanent injunction prohibiting Defendant from continuing to make unauthorized electronic withdrawals from his bank account.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a. declaring that Defendant's practices violate the FCCPA;

    b. permanently injoining Defendant from engaging in the violative practices;

    c. Attorney's fees, litigation expenses and costs of suit; and

      d.      Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>Email: don@donyarbrough.com
>
>By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658